UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN KAMEL,

      Plaintiff,

                           Case No. 09-11782

v.

KEON WHITFIELD and               Hon. John Corbett O'Meara
CHRIS KURISH,

      Defendants.

_____/

## OPINION AND ORDER REGARDING MOTIONS IN LIMINE

Before the court are two motions in limine: (1) Plaintiff's motion in limine to exclude
Defendants' expert; and (2) Defendants' motion to preclude Plaintiff from introducing evidence
of Plaintiff's vehicle impoundment, both filed September 21, 2010.  Trial in this matter is
scheduled for November 16, 2010.  As the court indicated at the final pretrial conference on
September 22, Defendants' motion is denied without prejudice.  Plaintiff's motion is addressed
below.

Plaintiff's claim involves allegations of excessive force in violation of 42 U.S.C. § 1983.
At trial, Defendants intend to call Sergeant Jason Williams as an expert witness in police
procedures regarding the use of force.  Plaintiff seeks to exclude Williams' testimony because
(1) he did not submit an expert report pursuant to Fed. R. Civ. P. 26(a)(2); and (2) his testimony
will invade the province of the jury by providing opinion on the ultimate issue, *i.e.,* whether the
force used to effectuate Plaintiff's arrest was excessive.[1]

---

[1] Plaintiff also objects that Defendants intend to submit the question of qualified
immunity, which is a question of law, to the jury.  Defendants respond that they do not intend to

Defendants maintain that they do not intend to elicit testimony from Sergeant Williams as to whether the force used by the troopers was reasonable or justified under the circumstances. Rather, Williams will testify regarding the use of tasers, the continuum of force, the training received by the officers, and police standards and practices. This type of testimony generally appears to comport with Fed. R. Evid. 702, as it will likely "assist the trier of fact to understand the evidence . . . ." Id. The court will reserve judgment on any specific topic of Williams's testimony, however, to better evaluate it in the context of the evidence at trial.

Plaintiff contends that Williams should not be permitted to testify because he did not submit an expert report. Defendants respond that an expert report is not required, because Williams was not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Williams is a sergeant in the Trooper Development Section of the Michigan Department of State Police. His primary job is to oversee training in the use of force for state troopers. He states in his affidavit that it is not within his regular duties to provide expert testimony and that he was not specially employed to provide expert testimony in this case.

Plaintiff relies upon Day v. Consolidated Rail Corp., 1996 WL 257654 (S.D. N.Y. 1996) and similar cases to support its argument that a report is required for all experts. See e.g., Dyson Technology Ltd. v. Maytag Corp., 241 F.R.D. 247, 249 (D. Del. 2007); Minnesota Min. & Mfg. Co. v. Signtech, USA, Ltd., 177 F.R.D. 459, 460 (D. Minn. 1998). A split of authority exists on this issue, however. The court in Navajo Nation v. Norris, 189 F.R.D. 610 (E.D. Wash. 1999) concluded that the holding in Day conflicted with the "plain language of the rule." Id. at 612.

_____

submit the question of qualified immunity to the jury, but to the court.

"[T]he rule has a specific category of employee experts who must provide a report: those who regularly testify. Given the plain language of this specific category, by implication, those employees who do not regularly testify for the employer but are doing so in a particular case need not provide the report." Id. at 612. See also Greenhaw v. City of Cedar Rapids, Iowa, 255 F.R.D. 484 (N.D. Iowa 2009). In Greenhaw, the court found that a police captain identified as an expert witness in an excessive force case was not required to submit an expert report because, as an employee of a party, he was "not retained or specially employed" to provide expert testimony and because his duties do not "regularly involve giving expert testimony." Id. at 488. The Greenhaw court explained that it found the reasoning in Navajo Nation persuasive and that it "must apply the Rule as it is written, not as it could have been or should have been written." Id.

This court agrees with the reasoning expressed in Navajo Nation and Greenhaw. Sergeant Williams does not fall into the category of a specially retained expert or a party's employee who regularly testifies. See Fed. R. Civ. P. 26(a)(2)(B). Therefore, he is not required to submit an expert report and the court will not exclude his testimony on that basis.

IT IS HEREBY ORDERED that Plaintiff's motion in limine to exclude Defendant's expert is DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendant's motion in limine is DENIED WITHOUT PREJUDICE.

s/John Corbett O'Meara
United States District Judge

Date:  November 2, 2010


       I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 2, 2010, using the ECF system.


                                s/William Barkholz
                                Case Manager